*1224 OPINION.
Littleton:
Petitioner contends (1) that in so far as the Eevenue Act of 1918 purports for 1919 and subsequently to tax income from “ Government contracts,” as defined in section 1 thereof, at a different and higher rate than the ordinary income from other sources, the Act is not a taxing act, is not enacted under the taxing power of Congress and is confiscatory, taking the property of taxpayers without due process of law and without just compensation in contravention of the Fifth Amendment to the Constitution of the United States; and (2) that if it be held that the exaction for 1919 and subsequently in the Eevenue Act of 1918 at a higher rate, from persons receiving income from Government contracts, is a tax and not a penalty, then the classification of income from Government contracts at a different rate from income from other sources is so wholly arbitrary and unreasonable and produces such a gross and patent inequality as to bring the Act within the prohibition of the Fifth Amendment, and it is unconstitutional and void.
This claim was made in R. Hoe & Co., 7 B. T. A. 1277, and, upon review, the United States Circuit Court of Appeals for the Second Circuit in Hoe & Co. v. Commissioner, 30 Fed. (2d) 630, stated:
The contention that the Act laying a high tax on Government war contracts is unconstitutional is without merit. The profits earned under war contracts were in general abnormally high so that it was reasonable to impose higher rates upon them than on the profits of contracts made at a later time. There was a special reason to single out government contracts. The Government was likely to have to pay more than a responsible private corporation because of difficulty in dealing with it in the event of any dispute and the delays which might occur in obtaining payment for lack of adequate appropriations. And there was, moreover, always the chance, which befell the taxpayer in this case, of the cancellation of contracts due to the sudden ending of the war. All contractors of the same class were taxed under the Act- upon the same basis, and as there was a real difference between government, and non-government contractors, we have no doubt that the classification was a justifiable one and that the Act was constitutional. Flint v. Stone Tracy Co., 220 U. S. 107; Brushaber v. Union Pac. R. R., 240 U. S. 1.
The opinion of the court in the above case disposes of the claim made here,

Judgment will he entered for the respondent.